IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PRISCILLA O. GAULT                                              PLAINTIFF

v.                              CIVIL NO. 10-3050

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Priscilla O. Gault, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("Act").

I.    **Procedural Background:**

Plaintiff protectively filed her SSI application on June 24, 2004, alleging a disability onset date of March 24, 2003, due to interstitial cystitis, migraines, gastroesophageal reflux disease, hypothyroidism, thrombocytosis, depression, irritable bowel syndrome, and anxiety. Tr.11, 59, 67, 110.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 27-29, 31-32. At Plaintiff's request, an administrative hearing was held on January 17, 2007. Tr. 474-501. Plaintiff was present at this hearing and represented by counsel. Tr. 474-501. The ALJ rendered an unfavorable decision on November 14, 2007, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 8-22. Subsequently, Plaintiff submitted new evidence to the Appeals Council. Tr. 6. The Appeals Council reviewed the newly submitted

evidence, but determined on December 28, 2009, that there was no basis for changing the ALJ's decision and denied Plaintiff's Request for Review.  Tr. 3-6.  Plaintiff subsequently filed the present action seeking judicial review of the administrative decision.  ECF No. 1.  This case is before the undersigned pursuant to consent of the parties.  ECF No. 5.  Both parties have filed appeal briefs and the case is now ready for decision.  ECF Nos. 10, 12.

**II.**   **Discussion**:

The court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003).  "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion."  *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)).  In determining whether evidence is substantial, the court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)).  If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

Once it is clear that the Appeals Council has considered newly submitted evidence, the court does not evaluate the Appeals Council's decision to deny review.  Instead, the court's role is limited to deciding whether the ALJ's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made.

-2-

*See, e.g., Nelson,* 966 F.2d 363, 366 (8th Cir. 1992); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). Of necessity, that means the undersigned must speculate to some extent on how the ALJ would have weighed the newly submitted evidence if it had been available for the original hearing. *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

This court is unable to conduct a full review of the record which the aforementioned authority requires because the transcript does not contain a letter from Elizabeth Kornfield, M.D., dated May 5, 2008, which was received and reviewed by the Appeals Council.

It is impossible for the court to determine if substantial evidence supports the Commissioner's decision since the transcript filed herein does not contain all of "the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Until the entire record, including Dr. Kornfield's letter, is gathered and filed, the court does not have the ability to enter a proper judgment on the merits of this case.

The undersigned declines to remand this matter for several reasons. To remand this matter pursuant to sentence four, as opposed to sentence six, would be inappropriate in light of the prejudicial effect such remand would have on the Plaintiff's right of redress before this court.

The United States Court of Appeals for the Eighth Circuit has held:

Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six. *See Melkonyan v. Sullivan,* 501 U.S. 89, 98-99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Hafner v. Sullivan,* 972 F.2d 249, 250-51 (8th Cir.1992). **Sentence four, by its terms, authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands**

-3-

the case in accordance with such a ruling. *See Melkonyan,* **501 U.S. at 98, 111 S.Ct. 2157.**

> Sentence six, in contrast, authorizes a remand in only two limited situations: **(1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings**. *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Woolf v. Shalala,* 3 F.3d 1210, 1215 (8th Cir.1993). The first of these situations distinguishes a sentence six remand from a sentence four remand based on timing, while the second situation does so based on substance. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (noting that sentence six authorizes an "entirely different kind of remand" than sentence four). This substantive distinction insures that a remand pursuant to the second part of sentence six concerns only new and material evidence and "does not rule in any way as to the correctness of the administrative proceeding," as does a sentence four remand. *Melkonyan,* 501 U.S. at 98, 111 S.Ct. 2157; *see Finkelstein,* 496 U.S. at 626, 110 S.Ct. 2658.

*Buckner v. Apfel,* 213 F.3d 1006, 1010 (8th Cir.2000) (emphasis added).

In this instance, a sentence four remand would be inappropriate because this court is *unable* to make a substantive ruling regarding the correctness of the Commissioner's decision. Similarly, a sentence six remand would also be inappropriate in light of the filing of the Commissioner's answer and the fact that the evidence in question was before the Appeals Council at the administrative level.

The court has been unable to find any clear statutory direction for such a circumstance as this, where remand would technically not fit the definition/requirements of sentence four or sentence six. Therefore, the undersigned directs the Commissioner to supplement or reconstruct the missing portion of the transcript, within a reasonable period of time, **not to exceed 60 days**. This matter will be administratively terminated pending the submission of the transcript of the entire record by the Commissioner. In the event the Commissioner is unable to produce a

-4-

*certified* transcript containing Dr. Kornfield's letter, the Commissioner **shall notify the court of the reasons for his inability to supplement the record by means of filing an appropriate motion or notice.**

**III.    Conclusion:**

The undersigned concludes that the Commissioner shall supplement the record as outlined above, within a reasonable period of time.  For such purposes, a reasonable period of time shall be 60 days.  Further, in the event the Commissioner is unable to supplement or reconstruct the administrative record, he is directed to notify the court via motion or notice of his inability to comply with the requirements of this opinion.  This matter is hereby administratively terminated to allow the Commissioner a reasonable period of time to locate or reconstruct the missing portion of the administrative record.  Should the Commissioner be unable to supplement the record as directed, the court will entertain an appropriate motion to remand.

DATED this 20th day of July 2011.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE

AO72A
(Rev. 8/82)